THE MEDIA SPORTS LEAGUE, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Media Sports League, Inc. v. Commissioner
Docket No. 9397-85X.
United States Tax Court
T.C. Memo 1986-568; 1986 Tax Ct. Memo LEXIS 41; 52 T.C.M. (CCH) 1093; T.C.M. (RIA) 86568; November 25, 1986. Howard J. Gallagher, III, for the petitioner. Joseph M. Abele, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge*: The Commissioner determined that petitioner does not qualify for exemption from Federal income taxation under section 501(a)[1] as an organization described in section 501(c)(3). Petitioner seeks a declaratory judgment of this Court pursuant to section 7428 that it is an exempt organization described in section 501(c)(3). [2]
*43 This case was submitted for decision on the stipulated administrative record pursuant to Rules 122 and 217(b). [3] The evidentiary facts and representations contained in the administrative record are assumed to be true. Rule 217(b)(1). Petitioner, the Media Sports League, Inc., is a non-profit corporation incorporated in the Commonwealth of Pennsylvania on September 2, 1983. At the time its petition was filed, petitioner's principal office was at Media, Pennsylvania. Petitioner is an amateur adult sports league. Membership in petitioner is open to all males and females twenty-one years of age or older upon payment of a roster fee. Petitioner's Articles of Incorporation state that petitioner is organized exclusively for charitable, religious and scientific purposes. Within these constraints, the Articles state that petitioner is organized to promote the development of amateur athletes and the physical and moral well-being of all athletes through competition and to "educate public opinion." Petitioner's stated purposes are to encourage community interaction and promote friendship among participants *44 through athletic competition. Petitioner contends that an "offshoot" of encouraging community interaction will be a lessening of neighborhood tensions and the elimination of prejudice and discrimination. Petitioner's Articles of Incorporation also include the following provision intended to ensure that petitioner not engage in any nonexempt activities: Notwithstanding any other provision of these Articles, the corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation exempt from Federal Income Tax under Section 501(c)(3) of the Internal Revenue Code of 1954 (or the corresponding provision of any future United States Internal Revenue Law) or (b) by a corporation, contributions to which are deductible under section 170(c)(2) of the Internal Revenue Code of 1954 (or the corresponding provision of any future United States Internal Revenue Law). Petitioner consists of four divisions: touch footall, slow pitch softball, volleyball and special events (including a dart tournament and Swim-Across for the Red Cross). Each of the football, softball and volleyball divisions consists of approximately *45 15 teams. The teams are sponsored by local businesses and organizations which pay sponsorship fees to petitioner. Petitioner spends the money it receives solely to provide non-professional group sports activities. Petitioner provides athletic facilities and/or equipment for the use of its members. Petitioner also employs professional referees and umpires. Each of petitioner's divisions follows local rules peculiar to its sport. Because many of the adults participating in the league are new to their respective sports, petitioner provides informal instruction on the rules and fundamentals of each sport. Members are not required to receive instruction from petitioner nor are they required to attend or participate in petitioner's activities. On September 16, 1983 petitioner filed an application for recognition of exemption from Federal income taxation (Form 1023) under section 501(c)(3). Respondent proposed an adverse ruling on February 17, 1984 concluding that petitioner was not an exempt organization described in section 501(c)(3) and that more than an insubstantial part of petitioner's activities furthered private, professional and business interest of its members rather than *46 serving the public interest. In its final adverse letter ruling on January 31, 1985, respondent denied petitioner status as a section 501(c)(3) exempt organization as follows: You are not organized for charitable purposes because the operation of a local sports league for adults over 21 years of age is not an exempt activity within the meaning of I.R.C. section 501(c)(3). Additionally you are not operated exclusively for charitable purposes within the meaning of section 501(c)(3) because more than an insubstantial part of your activities further the private, professional and/or business interests of your members rather than serve the public interest. Any educational activity or other charitable activities such as lessening of neighborhood tensions and eliminating prejudice and discrimination are merely incidents of your activities. It is on this record that petitioner seeks a declaratory judgment pursuant to section 7428. The sole issue that we must decide is whether petitioner is exempt from Federal income tax pursuant to section 501(a) as an organization described in section 501(c)(3). [4] To qualify for an exemption from tax petitioner must satisfy *47 two tests; it must be both organized and operated exclusively for one or more exempt purposes. [5]Section 1.501(c)(3)-1(a)(1), Income Tax Regs. Respondent contends that petitioner is neither organized nor operated exclusively for exempt purposes. *48 To meet the organizational test, an organization's Articles of Incorporation must limit its purposes to one or more of the purposes enumerated in section 501(c)(3) and not empower it to engage, except insubstantially, in activities not furthering those purposes. Section 1.501(c)(3)-1(b)(1)(i)(a) and (b), Income Tax Regs.The Articles of Incorporation may state the organization's purpose in terms as broad as or more specific than those stated in section 501(c)(3). Section 1.501(c)(3)-1(b)(1)(ii), Income Tax Regs. An organization cannot meet the organizational test, however, if the purposes for which it was created are broader than those described in section 501(c)(3). Section 1.501(c)(3)-1(b)(1)(iv), Income Tax Regs.
Petitioner's Articles of Incorporation list several purposes which, standing alone, would be broader than the charitable purposes of section 501(c)(3). The Articles of Incorporation, however, also contain a clause providing that notwithstanding any other provision of the Articles, petitioner will not engage in any activities not permitted to be carried on by an organization exempt from taxation under section 501(c)(3). For purposes of the organizational test, *49 this clause satisfactorily limits petitioner's purposes to those enumerated in section 501(c)(3). Petitioner therefore has satisfied the organizational test. Petitioner next must establish that it is operated exclusively for one or more exempt purposes. To satisfy the operational test, an organization must engage primarily in activities furthering an exempt purpose and cannot engage, except in insubstantial part, in activities not furthering an exempt purpose. Section 1.501(c)(3)-1(c)(1), Income Tax Regs. A single substantial nonexempt purpose will disqualify an organization under section 501(c)(3) regardless of the number or importance of its exempt purposes. Better Business Bureau v. United States,326 U.S. 279, 283 (1945); Copyright Clearance Center v. Commissioner,79 T.C. 793, 804 (1982). If an organization serves private rather than public interests, it also will not meet the operational test. Section 1.501(c)(3)-1(d)(1)(ii), Income Tax Regs. The operational test examines the actual purpose for the organization's activities and not the nature of the activities or the organization's statement of purpose. Kentucky Bar Foundation v. Commissioner,78 T.C. 921, 923-924 (1982); *50 Ohio Teamsters Education and Safety Training Fund v. Commissioner,77 T.C. 189, 196 (1981), affd. 692 F.2d 432 (6th Cir. 1982). Petitioner contends that it qualifies as an exempt organization under section 501(c)(3) because it is operated exclusively for educational and charitable purposes and does not further private interests. Respondent argues that though petitioner's Articles of Incorporation provide that it is organized and operated for educational and charitable purposes, it does not qualify for exemption under section 501(c)(3) because more than an insubstantial part of petitioner's activities further nonexempt social and recreational interests of its members. We agree with respondent. For purposes of section 501(c)(3), "educational" means in relevant part, "[t]he instruction or training of the individual for the purpose of improving or developing his capabilities." Section 1.501(c)(3)-1(d)(3)(i), Income Tax Regs. Because many members are new to their sports petitioner provides instruction on the rules and fundamentals of the games. The instruction, however, is informal and not mandatory, and there is no indication that petitioner provides *51 any further instruction through clinics, classes or seminars to improve members' skills. Members are not required to attend or participate in any of petitioner's activities. On this record we conclude that petitioner's educational purpose does not comprise a substantial part of its activities. Petitioner also argues that it is exempt from taxation because "charitable" is used in its accepted legal sense and is not limited to the purposes enumerated in section 501(c)(3). Section 1.501(c)(3)-1(d)(2), Income Tax Regs. Included in the term "charitable" are activities that are designed to lessen neighborhood tensions, eliminate prejudice and discrimination and activities that further recreational and amateur sports. Section 1.501(c)(3)-1(d)(2), Income Tax Regs.; Hutchinson Baseball Enterprises v. Commissioner,73 T.C. 144 (1979), affd. 696 F.2d 757 (10th Cir. 1982). In its application for exemption, Form 1023, petitioner states that its primary purpose is to encourage community interaction through athletic competition. The proper focus of the operational test is not on the statement of purpose but is on whether petitioner's activities demonstrably *52 attempt to accomplish the exempt purposes for which petitioner is nominally organized. See Kentucky Bar Foundation v. Commissioner,78 T.C. at 923-924. The record contains no indication that any neighborhood tension, prejudice or discrimination exists or, if one or more of these circumstances did exist, how petitioner's operations would ameliorate, or even address, those problems. There is no design to petitioner's activities that suggests that attainment of these noble goals are the purpose for its activities. To support its contention that petitioner's activities further amateur athletics petitioner relies on Hutchinson Baseball Enterprises v. Commissioner,73 T.C. at 144. The organization in Hutchinson funded and operated an amateur baseball team, leased and maintained baseball fields for the use of Little League, American Legion teams and a baseball camp, and provided coaches for Little League teams. Hutchinson Baseball Enterprises v. Commissioner,73 T.C. at 147. We held, and the Tenth Circuit affirmed, that the promotion, sponsorship and advancement of amateur and recreational sports is a charitable purpose within the *53 meaning of section 501(c)(3). We noted that Congress had long considered amateur athletics to fall within the "penumbra" of section 501(c)(3). In Hutchinson we found the organization's predominate motivation for engaging in its activities was the furtherance of amateur athletics. The organization provided coaching and instruction for children and recruited only top amateur baseball players to play on the team it sponsored. The organization also hired a coach, general manager and trainer to work with the team. Petitioner, in contrast, provides no formal or ongoing instruction to its members, has no skill requirements for eligibility to play in its leagues and does not require members to participate in any of its activities. Petitioner also provides facilities and equipment for its members. An organization may engage in a particular activity for exempt and nonexempt purposes, but the operational test will be satisfied only if the taxpayer is operated exclusively for one or more of the exempt purposes specified in the statute. Copyright Clearance Center v. Commissioner,79 T.C. 793, 803-804 (1982). Although we believe that the furtherance of amateur athletics *54 is one of petitioner's goals, we find that a substantial purpose was to further the social and recreational interests of its members. We have repeatedly held that organizations whose activities are directed substantially toward social and recreational purposes are not eligible for section 501(c)(3) status. North American Sequential Sweepstakes v. Commissioner,77 T.C. 1087 (1981); Schoger Foundation v. Commissioner,76 T.C. 380 (1981); First Libertarian Church v. Commissioner,74 T.C. 396 (1980); Syrang Aero Club, Inc. v. Commissioner,73 T.C. 717 (1980). Because petitioner has a substantial nonexempt purpose, we conclude that it is not operated exclusively for charitable purposes within the meaning of section 501(c)(3). Petitioner is therefore not an organization described in section 501(c)(3). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
*. By order of the Chief Judge, this case was reassigned to Judge Williams↩ for decision and opinion. 1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩
2. Respondent issued his final adverse ruling on January 31, 1985. Petitioner timely filed this petition on April 17, 1985.↩
3. All rule references are to the Tax Court Rules of Practice and Procedure.↩
4. Sections 501(a) and 501(c)(3) provide in pertinent part: SEC. 501. EXEMPTION FROM TAX ON CORPORATIONS, CERTAIN TRUSTS, ETC. (a) Exemption from Taxation. -- An organization described in subsection (c) * * * shall be exempt from taxation under this subtitle unless such exemption is denied under section 502 or 503. * * * (c) List of Exempt Organizations. -- The following organizations are referred to in subsection (a): * * * (3) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for * * * charitable * * * or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of athletic facilities or equipment), * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office. ↩
5. Section 501(c)(3) also requires a corporation to establish that no part of its net earnings inure to the benefit of any shareholder or individual and that it does not participate in political campaigns or, to a substantial extent, in lobbying activities. See section 501(c)(3)↩. None of these requirements are at issue here.